IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Arthur James Muellman Gomez**, | |
| Plaintiff, | Case No. |
| v. | Honorable<br>Judge: |
| **1. Charles Schwab Corp.,**<br>**2. Garrett Wynne** *(as corporate*<br>*Consigliri/Supervisor/Advisor),*<br>**3. Various John and Jane Doe Schwab**<br>**Employees** | Honorable<br>Magistrate Judge:<br><br>18 USC 1961 et seq, (RICO) |
| Defendants. | |

## COMPLAINT

Plaintiff, **Arthur James Muellman Gomez**, by and through undersigned Pro
Bono Counsel, Law Office of Felipe Gomez, Esq., and proceeding In Forma Pauperis
due to Defendants' active conversion of all Plaintiff's assets after repeated tender of
authorized demand, for his Complaint against defendant, **Charles Schwab Corp**.,
alleges, *inter alia*, Fraud, Conversion and Breach of Fiduciary Duty, and seeking,
*inter alia*, immediate disgorgement, punitive damages and fees, asserts and supports
his claims, per the FRCP lenient pleading rules, as follows:

## A. PARTIES

1.     Defendant Charles Schwab Corporation is a California corporation, doing
       business in Illinois, and engaging in, among other services and products, the
       sale and servicing of trust funds, including Uniform Gift to Minors Act

Custodial accounts, in exchange for servicing and other related fees, which is alleged to have knowingly and repeatedly violated numerous rules and laws including the UGTMA, at the direct benefit if itself at the expense of Plaintiff, thus also violating 18 USC 161 et seq. (RICO).

2.    Defendant Garrett Wynne is an attorney in the direct employ of Charles Schwab Corporation whom, on information and belief, is currently residing in California working for a corporation doing business in Illinois, and whom, on information and belief, personally knowingly engaged in and continued the criminal enterprise complained of herein, after Cease and Desist, including requesting verification of the Plaintiff and undersigned as Attorney and Custodian for Plaintiff (which was immediately and duly provided including dated signatures in blue ink, and copies of state identidications cards, Plaintiff's social security card, and undersigned's 2018 license (2019 applied for), and then refusing to honor same once produced, hanging up the phone on both the legal Custodian (undersigned) and the Custodian's legal counsel/Administrator of the account, and other prior acts of deception and subterfuge to hide the assets, in violation of, *inter alia*, UGTMA and RICO.

3.    John and Jane Doe Defendants assisted Schwab and Garrett in the scheme alleged, after Cease and Desist and multiple identity verifications.

4.    Plaintiff is an Illinois resident, whom inherited a gift from his maternal grandmother, Dr. Sandra W. Gomez, in the form of an UGTM Act Trust that Dr. Gomez set up for Plaintiff in, on information and belief, 2009 by way of her longstanding relationship with Defendant, naming undersigned Felipe Gomez, as Custodian. *Exhibit 1 - 6.19.07 Email Chain SWG/Undersigned, Exh. 2 - 1.02.09 Schwab Designation of Custodian, and Exh. 3 7.21.09 Schwab IRA Beneficiary Form.*

5.    Plaintiff alleges defendants are "person" and are entities "capablee of holding

a legal or beneficial interest in property", in that, *inter alia*, Schwab held, and in fact my still hold, legal title to/in the assets at issue here as, *inter alia*, Bailor and/or Trustee, and the individual defendants then assisted Schwab in holding that unwarranted benefit to itself, all the while charging Plaintiff for the privilege, all comprising a scheme fopr profit converting a client's assets and charging Plaintiff therefore.

6.    Plaintiff alleges he is a "person" who has suffered a compensable injury, which includes inter alia, lost income, lost business opportunity, loss of use of funds, costs incurred in the ongoing investigations and attempts to regain knowledge of the location of the assets, in an amount over $75,000, and thus rightfully asserts a private right of action under Section 1964 with concurrent diversity jurisdiction under 28 USC 1332.

## B. JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964, and also by way of diversity per 28 USC 1332, as well as supplemental jurisdiction as to any and all state claims pleaded here or in the upcoming amendment(s), which are pleaded generally here as applicable to be specified if needed by amendment.

8.    Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district since Schwab and has offices in this district.  Also, due to Defendants' coordinted malfeasance, Plaintiff has no funds for this lawsuit or filing in another jurisdiction (or to pay his attorneys), thus given that Schwab does business here, there exist sufficient minimum contacts, and the ends of justice are served by having defendant defend here per Section 1965(b) of RICO, thus venue can be rightfully fixed here.

### C. FACTS

9.   Defendant Charles Schwab Corporation is a California corporation, engaging, among other services and products, in the sale and servicing of trust funds, including Uniform Gift to Minors Act Custodial accounts, in exchange for servicing and other related fees.

10.   Plaintiff is an Illinois resident, whom inherited a gift from his maternal grandmother, Dr. Sandra W. Gomez, in the form of an UGTM Act Trust that Dr. Gomez set up for Plaintiff in, on information and belief, 2009 by way of her longstanding relationship with Defendant, naming undersigned Felipe Gomez, as Custodian. *Exhibit 1 - 6.19.07 Email Chain SWG/Undersigned, Exh. 2 - 1.02.09 Schwab Designation of Custodian, and Exh. 3 7.21.09 Schwab IRA Beneficiary Form.*

11.   In entering into the fiduciary contract with Schwab, Dr. Gomez did not hyphenate Plaintiff's second middle name to his last, and his last name has not officially ever been and is not Muellman-Gomez. *Exh. 3 at 2.*

12.   Beginning in February 2009, Schwab sent 1099s (except for TY 2010, which is missing from the Lundy production discussed below) and other documents, to Dr. Gomez's San Marcos residence address, misnomering same for unexplained reason by changing Plaintiff's true last name as listed and directed by Dr. Gomez, electing to merge the second middle and last names with a hyphen. *Exh. 4 - 2.9.09 IRS Form 1099 Schwab Mailing Cover.*

13.   On July 14, 2011, upon Dr. Gomez's passing, Custodian Felipe Gomez duly executed and submitted notice of death and paperwork requested

an forwarded by Schwab, including that intended to address Plaintiff's UGTA account, and which cover letter and application spelled Plaintiff's name correctly, and which did not include the San Marcos address in requesting that Schwab respond (which it did not). *Exh. 5 - 7.14.11 Cover Letter and Death Certificate.*

14. Between 2011 and 2015, undersigned repeated the above process at least twice, submitted forms identifying and verifying himself as Custodian, and on several occasions verbally provided Schwab current addresses, other than the San Marcos address, for mailing of documents and 1099s.

15. On 10.30.15, undersigned executed and submitted a Power of Attorney, as Custodian, appointing Attorney Virginia Prihoda as POA for himself over Plaintiff's account (as well as for a Comerica account of Plaintiff's which Comerica honored without question), again noting that the hyphen was wrong and providing updated contact addresses. *Exh. 6 - 10.30.15 FG POA 2.*

16. Despite the multiple verifications and requests, Schwab continued to mail confidential documents to the San Marcos address, and, after repeated attempts to get Schwab to honor the Custodian, the Custodian again wrote to correct the record, giving current contact information. *Exh. 7 - 12.8.17 POA 3 Cover Letter.*

17. Despite the numerous attempts to get Schwab to update the contact information, Defendant continued its malfeasance afterward, using the wrond address and wrong hyphenated name until well into 2018. *Exh. 8 - Misaddressed Schwab Communications Post Notice.*

18.   Contact was finally made only through email, first in February 2018 with a staffer who again required and was provided "verification", and substantively with an attorney for Schwab working under Defendant Wynne, Rachel Lundy.

19.   On 3.29.18, undersigned finally got through, and after verifying for the umpteenth time, on 3.30.38 Lundy provided a partial but substantial portion of the requested file (some of which are attached hereto, after redaction, as can be seen by the word "confidential" and Bates stamp, placed by Schwab, at the bottom), password protected as confidential. *Exh. 9 - E-mails with Lundy.*

20.   Despite what was thought to be breakthrough, for as of yet unknown reasons Schwab reverted to repeatedly verifying, and refused to cooperate or release the account, culminating in Defendant Wynne finally taking over and attempting Schwab's version of damage control, which was requiring Counsel Proihoda to again verify Plaintiff and undersigned, and then hanging up on Ms. Prihoda and instructing her not to call and to tell her clients, undersigned and Plaintiff, not to call either. *Exh. 10 - Prihoda Letter of Representation and Umpteenth Custodial/Beneficiary Verification.*

21.   Defendant Wynne also reportedly threatened Counsel Prihoda with retaliation related to his assertion to her that all calls with Schwab were recorded (there is no such warning when one calls in, only that they may be monitored for quality assurance, not legal purposes including impeachment of one's own client in defense against a valid claim by same) and that somehow recordings of undersigned, Plaintiff, and/or Counsel Prihoda would be used offensively or defensively by Schwab/Wynne, despite Counsel Prihoda immediately indicating that Illinois is a mutual consent state and it is illegal to do what Wynne claims he did here despite California laws on the same (We also note Wynne used a Denver cell phone to call undersigned and Counsel Prihoda and same to take calls).

22. On 1.10.19, Plaintiff approved that his Custodian and attorneys set up an account at Etrade and request a transfer from Schwab.

23. On 1.11.19 Plaintiff closed the account at Etrade that had yet to be funded due to dissatisfaction with customer service, and moved to TD Ameritrade whom he requested acquire his assets.

24. From 1.11.19 to 1.24.19, defendants played a shell game that hid Plaintiff's assets, with both Schwab and Etrade claiming to have no funds, and Ameritrade's several requests were denied by both corporate defendants, including as late as 1.25.19, including Schwab rejecting due to an alleged "incorrect address".

25. The shell game included Etrade accepting the assets from Schwab on 1.15.19, and with no notice to Plaintiff, placing them in the closed account contrary to Plaintiff's instructions and cancellation of relationship Etrade, where on information and belief they now reside.

26. On 1.24.19, Etrade admitted having the assets since 1.15.19, and the record reflects that there was no notice of receipt or deposit issued to or received by Plaintiff from either Schwab or Etrade, resulting in the continuation of the illegal conversion of the funds by Defendants.

27. As of this writing Plaintiff still cannot locate, see or access the fund that Etrade claims to have, and Plaintiff is suffering irreparable harm., including not being able to acquire more stock at previously more favorable prices, and has to file this complaint IFP.

## D. RICO ELEMENTS

28. Defendants are all culpable persons, who in a common scheme conducted and "enterprise" affecting interstate commerce through a "pattern" of

"racketeering activity", including but not limited to refusing to allow access to and release a bailment.

29. Plaintiff was proximately and directly injured by reason of the common illegal scheme and RICO violations, by *inter alia*, denial of his assets and denial of access to himself, his Custodian and other authorized agents despite multiple verifications, on the pretext of protecting the client's assets (from himself apparently).

## E. RELIEF

30. Plaintiff seeks disgorgement of funds and triple damages and Attorney fees, in an amount of at least 1,000,000.00.

Submitted By: s/ *Felipe Gomez, Esq.*          Date: **1.26.19**

LAW OFFICE OF FELIPE GOMEZ, ESQ.
3024 N. ASHLAND AVE NO. 577670
CHICAGO IL 60657
312.399.3966
T312.399.3966@GMAIL.COM